# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTINA M. BEAUDOIN,

               Plaintiff,

v.

JOHN M. VANLIESHOUT and REINHART
BOERNER VANDEUREN S.C.,

               Defendants.

Case No. 17-CV-37-JPS

**ORDER**

On February 14, 2017, Defendants filed a motion to dismiss Plaintiff's complaint. (Docket #12). On March 10, 2017, Plaintiff submitted an "Answer to Defendants' Motion to Dismiss" which the Court treats as her response. *See* (Docket #21 and #22). Defendants offered a reply in support of their motion on March 31, 2017. (Docket #23). As explained below, Defendants' motion must be granted.

This action suffers from a number of procedural defects which Plaintiff's response does not challenge. *See generally* (Docket #21). Plaintiff has styled this matter as a "removal" in each of her pleadings. *See* (Docket #1 and #6). It appears that Plaintiff wanted to remove the underlying state court action to this Court. *See* (Docket #7). Even assuming the preconditions for removal existed, Plaintiff was obligated to attempt removal no later than September 12, 2016, but did not do so until January 9, 2017. *See* 28 U.S.C. § 1446(b); (Docket #1 and #14-2). The removal was therefore untimely and ineffective. Further, summary judgment was granted in the underlying state court action on January 25, 2017. (Docket #14-1). Plaintiff's avenue to challenge that decision is an appeal, not removal. Additionally, there is no evidence that Defendants have been properly served with Plaintiff's

pleadings. Dismissal is therefore proper pursuant to Federal Rule of Civil Procedure 12(b)(5).

Beyond these procedural missteps, Plaintiff's pleading also lacks viable substance. Plaintiff's amended pleading cites no particular laws which Defendants allegedly violated. *See* (Docket #6). Her response states that Defendants committed "criminal fraud, felony grand theft, collusion, conspiracy," and many other crimes, as well as "attorney misconduct [and] fraud on the Court." (Docket #21 at 4-5). The remainder of the response simply complains about the merits of the state court's summary judgment ruling. *Id.* at 5-12. Even generously reading a claim for fraud into the complaint, Plaintiff fails to allege that any particular representation by Defendants was false. *Id.*; *see* Fed. R. Civ. P. 9(b); *Malzewski v. Rapkin*, 723 N.W.2d 156, 162 (Wis. App. 2006). For all of these reasons, Defendants' motion must be granted and this action must be dismissed.[1]

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (Docket #12) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions within her "judicial correspondence" (Docket #24) be and the same are hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice.**

The Clerk of the Court is directed to enter judgment accordingly.

---

[1]To the extent Plaintiff's "judicial correspondence," filed on March 31, 2017, requests action by the Court, the request(s) will be denied as moot. (Docket #24).

Dated at Milwaukee, Wisconsin, this 5th day of April, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge